# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00615-CV

**Jaime Cortez, Appellant**

**v.**

**Mann Bracken, LLP; and Travelers Casualty and Surety Company
of America, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-09-001395, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Jaime Cortez has filed notice of appeal from the trial court's judgment on June 24, 2009, awarding attorney's fees to Appellees Mann Bracken, LLP, and Travelers Casualty and Surety Company of America. The clerk of this Court received and filed the trial court clerk's record on November 18, 2009. The court reporter tendered the reporter's record to the clerk of this Court for filing on January 5, 2010, including a transcript of the hearing and copies of exhibits from that hearing that the court reporter obtained from the appellees. The court reporter's certification represents that the complete reporter's record consists of the transcript of the hearing on appellees' motion for attorney's fees and costs held before the trial court on June 24, 2009, and the exhibits admitted into evidence at that hearing. However, the court reporter and the trial court clerk have informed this Court that, after a diligent search, the clerk's office has been unable to locate the

original exhibits that were received into evidence at the June 24th hearing and filed of record in the trial court on June 25, 2009. As a result, this Court is unable to file the reporter's record as tendered.[1] *See* Tex. R. App. P. 34.6(a).

Accordingly, we abate this appeal and remand this cause to the trial court for further proceedings. *See* Tex. R. App. P. 34.6(f)(4). Upon remand, the trial court is directed to conduct further proceedings, including a hearing if necessary, to determine if the lost exhibits can be replaced either by agreement of the parties or with copies that the trial court determines with reasonable certainty to be accurate duplicates of the original exhibits. *See id.* The trial court is thus directed to: (1) conduct any necessary hearings; (2) order the court reporter to file a corrected reporter's record of the trial proceedings, including copies of any exhibits admitted into evidence, to the extent correction is necessary; (3) make and file appropriate findings of fact and conclusions of law to be included in a supplemental clerk's record; and (4) cause any hearing to be transcribed and included in a supplemental reporter's record. In the absence of a request for extension of time from the trial court, the corrected reporter's record of the June 24, 2009, hearing on appellees' motion for attorney's fees, the supplemental clerk's record, and supplemental reporter's record of the hearing and proceedings pursuant to this order, and any additional records, including any orders, findings, and conclusions, shall be sent to the clerk of this Court no later than February 26, 2010. *See* Tex. R. App. P. 35.3(c).

---

[1] On January 5, 2010, this Court filed the transcript of the June 24, 2009, hearing as a partial reporter's record.

Before Justices Patterson, Puryear and Henson

Abated

Filed:   January 29, 2010